### Application of VINA DEL MAR, Inc.

Railroad & Public Utilities Commission.

March 11, 1954.

John C. Blocker, St. Petersburg, for applicant.

Chairman JERRY W. CARTER, Commissioner WILBUR C. KING and Commissioner RICHARD A. MACK, each participated in the disposition of this case.

BY THE COMMISSION.

Vina del Mar, Inc., a Florida corporation, has filed with this commission a petition seeking a franchise to build, construct, establish, operate and maintain a non-toll, non-draw highway bridge in Pinellas county over the waters of Boca Ciega Bay from 21st street, Pass-a-Grille Beach (on Long Key) easterly to Mud Key Island, following as nearly as possible the boundary lines of 21st street, Pass-a-Grille Beach, if extended easterly to Mud Key Island.

Vina del Mar, Inc. is the owner and developer of Mud Key Island lying within the corporate limits of the town of Pass-a-Grille Beach. Said corporation is presently converting the land into residential lots and encouraging new home owners to settle on it.

Chapter 23482, Laws of Florida, Acts of 1945, authorized M. B. Monson and his associates, assignees and transferees in interest to construct a causeway, fill or bridge and the approaches thereto from a point in the vicinity of 22nd street on Pass-a-Grille Island across the waters of Boca Ciega Bay to Mud Key. In its sworn petition, applicant states that it is now the owner of all rights and privileges granted to M. B. Monson and his associates under and by virtue of the aforesaid statute.

This application for franchise is made pursuant to sections 347.11 through 347.18, Florida Statutes 1951. Applicant has agreed that the bridge to be built will be a free bridge and that immediately upon its completion it will be transferred and delivered to the town of Pass-a-Grille Beach, free and clear of all liens and at no cost to said municipality and that it will transfer its franchise, if granted, to the town of Pass-a-Grille Beach. Applicant has filed with this commission a certified copy of a resolution adopted by the board of commissioners of the town of Pass-a-Grille Beach on October 26, 1953, approving said bridge. Applicant has also filed with this commission a photostatic copy of approval of location and plans for said bridge by the chief of engineers, U. S. Army, and the Secretary of the Army; further, applicant has filed with this commission a photostatic copy of grant of right of way no. 20595 of the trustees of the internal improvement fund of the state of Florida to applicant for construction of the bridge over bottom lands owned by the state.

Applicant filed proof of publication of its intention to make said application, in compliance with sub-section (2) of section 347.14, Florida Statutes 1951. The board of county commissioners, Pinellas County, through its chairman, R. Hosey Wick, advised this commission by his letter of March 10, 1954 that the county commission has no objection to the construction of the bridge and that the board of county commissioners in regular meeting on October 20, 1953 unanimously approved the construction thereof, and later issued a permit, no. 12, to applicant for such construction. Chairman Wick advised that public hearing was held on this matter by the county commission and all parties interested (including abutting property owners) appeared before the commission and no objections were voiced to said construction. This commission construes said letter of the board of county commissioners of Pinellas County as a waiver of the written notice required to be made by this commission to the board under provisions of subsection (4) of section 347.14, Florida Statutes 1951.

Now, therefore, in consideration of the premises, it is ordered, adjudged and decreed that a franchise to construct, maintain and operate a non-toll bridge and related causeways in Pinellas County between the town of Pass-a-Grille Beach (on Long Key) and Mud Key, over the waters of Boca Ciega Bay, be and the same is hereby granted in accordance with plans and location approved by the U. S. War Department as contained in that certain permit issued to Vina del Mar, Inc. on February 17, 1954 and filed herein as a part of the record in this proceeding. The franchise rights hereby granted are under the provisions of chapter 347, Florida Statutes

174

1951, and such rights are exclusive and shall continue in force for a period of 50 years from the date hereof.

It is further ordered that this franchise shall become effective when Vina dél Mar, Inc. shall furnish to the commission a bond in the sum of $5,000 conditioned on the actual beginning of operations (meaning construction of the facility) in the exercise of the franchise herein granted on or before March 10, 1955 and when said company shall furnish a like bond in a sum equal to 5% of the total estimated cost of construction and equipment of the said works, as indicated by accepted bid or bids thereon, conditioned for the completion and equipment of said bridge and causeway facility within 5 years from the date of this order, which said bonds shall each be in form to be approved by this commission and be made payable to the governor of the state for the use and benefit of the State Road Department.